# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:25-CV-00809-KDB-DCK

VISCOSOFT, INC.,

    **Plaintiff,**

    **v.**

SHAOXING SPRING HOME
TEXTILE CO., LTD.,

    **Defendant.**

**MEMORANDUM AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 15) ("Motion"). After having carefully considered this Motion, Plaintiff's supporting documentation and the full record, along with oral argument at two hearings, the Court finds that Plaintiff has failed to establish a valid claim for design patent infringement against Defendant. Specifically, Plaintiff has not produced evidence that any of Defendant's products look confusingly similar to Plaintiff's patented design. In the absence of a potentially valid claim for relief, the Court must DENY the Motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). When a defendant defaults, he admits the complaint's well-pleaded allegations of facts. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). That said, "[t]he defendant is not held ... to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to

1

recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id.* "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

If the court determines that liability has been established, the court must then determine damages. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). Unlike allegations involving liability, allegations about damages are not treated as admitted by a defendant's default. "The court must make an independent determination regarding damages." *Id.* In determining damages, the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id.*

## II. BACKGROUND

Viscosoft filed its verified complaint for design patent infringement against Defendant Shaoxing Spring Home Textile Co., Ltd., ("Shaoxing") on October 17, 2025 (Doc. 1). Shaoxing is one of Viscosoft's competitors in the market for online mattress toppers. (*Id*. at ¶¶ 1-3). Viscosoft alleges that Shaoxing offered for sale on Amazon a mattress topper that infringes on Viscosoft's D969522 design patent for a mattress topper ("'522 Patent"). (*Id*. at ¶¶ 11-13, 20).

Viscosoft served Shaoxing on October 27, 2025 (Doc. 11). Shaoxing filed no responsive pleading, nor did Shaoxing Spring make any other contact with Viscosoft. Viscosoft moved for Entry of Default on December 1, 2025, (Doc. 13), and Default was entered on December 22, 2025 (Doc 14).  Viscosoft filed its Motion for Default Judgment on January 26, 2026, after which the case was transferred to the undersigned on February 24, 2026. The Court held hearings on the

motion on March 24, 2026 and April 22, 2026, during which Viscosoft presented evidence and sworn witness testimony. The motion is ripe for the Court's decision.

### III. DISCUSSION

This Court recently explained the governing law related to claims of design patent infringement in resolving another case brought by Viscosoft. *See Viscosoft, Inc. v. Hangzhou Heliang Network Tech. Co.*, No. 3:25-CV-00601-KDB-DCK, 2026 WL 510573, at \*3 (W.D.N.C. Feb. 24, 2026). Under federal law, "[w]hoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor[.]" 35 U.S.C. § 171(a). A design patent thus "protects a 'new, original and ornamental design for an article of manufacture.' " *LKQ Corp. v. GM Glob. Tech. Operations, LLC*, 102 F.4th 1280, 1291 (Fed. Cir. 2024) (quoting 35 U.S.C. § 171(a)). Importantly, "a design patent, unlike a utility patent, limits protection to the ornamental design of the article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010). When a design contains both ornamental and functional aspects, the design patent's scope is limited to the ornamental "aspects alone and does not extend to any functional elements of the claimed article." *Id.* at 1294.

Generally, "design patents have no written description or written claims to define their scope; the invention is defined by the overall visual impression that the drawings convey." *LKQ Corp.*, 102 F.4th at 1291 (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679–80 (Fed. Cir. 2008) (en banc)). The standard for determining design patent infringement is whether "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Mfg. Co. v. White*, 81 U.S. 511, 528 (1871).

This standard articulated by *Gorham* has come to be "referred to as the 'ordinary observer' test." *Egyptian Goddess,* 543 F.3d at 670.

Applying the "ordinary observer" test is straightforward, "involv[ing] a side-by-side study of the designs." *Great Neck Saw Mfrs., Inc. v. Star Asia U.S.A., LLC*, 727 F. Supp. 2d 1038, 1052 (W.D. Wash. 2010), aff'd, 432 F. App'x 963 (Fed. Cir. 2011); *Hooker Furniture Corp. v. GTR Leather, Inc.*, No. 1:20CV451, 2022 WL 508544, at *3–5 (M.D.N.C. Feb. 18, 2022). First, "without review of the prior art, the claimed and accused designs" are compared to one another to determine whether they are substantially similar. *Id.* If so, the second step "compar[es] the claimed and accused designs with prior art to identify differences that are not noticeable in the abstract but would be significant to the hypothetical ordinary observer familiar with the prior art." *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015); *accord Wing Shing Prods. (BVI) Co. v. Sunbeam Prods., Inc.*, 665 F. Supp. 2d 357, 362 (S.D.N.Y. 2009) ("[The] second level analysis ... accounts for prior art...."). If at either step it is determined that the "designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon Endo-Surgery*, 796 F.3d at 1335.

The Court has carefully reviewed all of the Shaoxing products that Viscosoft has challenged as potentially infringing the '522 Patent. Despite Shaoxing's failure to defend the Complaint or otherwise respond to Viscosoft's charges (which the Court does not endorse and tilts the equities to Plaintiff), the Court must conclude that each of the Shaoxing designs in the record is "plainly dissimilar" to the '522 Patent drawings. Therefore, an ordinary observer would not view the designs to be substantially similar, and there is not a sufficient basis in the pleadings for entry of a default judgment. Accordingly, Plaintiff's motion will be denied.

4

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Plaintiff's Motion for Default Judgment (Doc. No. 15) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: April 29, 2026

Kenneth D. Bell
United States District Judge